UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTTSDALE INSURANCE COMPANY, a
foreign company,

                Plaintiff,

-vs-                                            Case No. 2:10-cv-229-FtM-36SPC

BELLA WALK DEVELOPERS, INC., a Florida
Corporation, BELLASOL. COMMUNITY
ASSOCIATION, INC., a Florida non-profit
corporation, individually and on behalf of its
member associations and on behalf of all unit
owners,

                Defendants.
_____

## ORDER

      This matter comes before the Court on Plaintiff's Motion for Clerk's Default Against Defendant Bella Walk Developers, Inc. (Doc. #25) filed on November 16, 2010. Plaintiff moves pursuant to Federal Rule of Civil Procedure 55(a) for an entry of clerk's default against Defendant Bella Walk Developers, Inc. for failure to file a response to, or otherwise defend against, Plaintiff Scottsdale's Complaint for Declaratory Judgment.

      On September 7, 2010, this Court granted Scottsdale's Unopposed Motion for Extension of Time for Service of Process and to allow Service of Process by Publication as Provided for by Florida Law (Doc. #20). Prior to this time, personal service on Bella Walk had been unsuccessful. Service of process by publication is proper upon a showing that personal service could not be made. Fla. Stat. §§ 49.011(5), 49.021.

      On September 9, 2010, this Court granted Scottsdale's Unopposed Motion for Issuance of Notice of Action, allowing Scottsdale to effectuate service of process by publishing the notice of

action once a week for four consecutive weeks in a newspaper published in Miami-Dade County that meets the requirements as prescribed by law for service by publication. (Doc. #22). Scottsdale published the notice of action in the Miami Herald on September 17, September 24, October 1, and October 8, 2010. Scottsdale previously filed an Affidavit establishing publication of the notice of action in the Miami-Herald with this Court. (Doc. #24). Thus, this Court finds that Defendant Bella Walk was effectively served by publication on October 8, 2010 and to date, Bella Walk has failed to respond to Plaintiff's Complaint for Declaratory Judgment.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., WL 5191701 *1-2 (M.D. Fla. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla.2003)).

Due to the failure of Defendant Bella Walk to respond to the Complaint or otherwise defend against this lawsuit, and because service was proper, Plaintiff's Motion is due to be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Clerk's Default Against Defendant Bella Walk Developers, Inc. (Doc. #25) is **GRANTED**. The Clerk of the Court is directed to enter a Clerk's Default against the Defendant Bella Walk Developers, Inc.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record